IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ANTWAN BURT,

      Plaintiff,                      No. 2:10-cv-0942 KJM JFM (PC)

   vs.

D. E. SWINGLE, et al.,

      Defendants.                FINDINGS & RECOMMENDATIONS

_____/

      Plaintiff is a state prisoner proceeding pro se and in forma pauperis with a civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff claims that defendants violated his rights under the Eighth and Fourteenth Amendments by acting with deliberate indifference to his need for a wheat-free diet and by falsifying his medical records. Plaintiff seeks money damages and injunctive relief. This matter is before the court on cross-motions for summary judgment.

SUMMARY JUDGMENT STANDARDS UNDER RULE 56

      Summary judgment is appropriate when it is demonstrated that there exists "no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c).

/////

/////

1

<blockquote>
Under summary judgment practice, the moving party always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any," which it believes demonstrate the absence of a genuine issue of material fact.
</blockquote>

Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986) (quoting Fed. R. Civ. P. 56(c)). "[W]here the nonmoving party will bear the burden of proof at trial on a dispositive issue, a summary judgment motion may properly be made in reliance solely on the 'pleadings, depositions, answers to interrogatories, and admissions on file.'" Id. Indeed, summary judgment should be entered, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. See id. at 322. "[A] complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." Id. In such a circumstance, summary judgment should be granted, "so long as whatever is before the district court demonstrates that the standard for entry of summary judgment, as set forth in Rule 56(c), is satisfied." Id. at 323.

If the moving party meets its initial responsibility, the burden then shifts to the opposing party to establish that a genuine issue as to any material fact actually does exist. See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). In attempting to establish the existence of this factual dispute, the opposing party may not rely upon the allegations or denials of its pleadings but is required to tender evidence of specific facts in the form of affidavits, and/or admissible discovery material, in support of its contention that the dispute exists. See Fed. R. Civ. P. 56(e); Matsushita, 475 U.S. at 586 n.11. The opposing party must demonstrate that the fact in contention is material, i.e., a fact that might affect the outcome of the suit under the governing law, see Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986); T.W. Elec. Serv., Inc. v. Pacific Elec. Contractors Ass'n, 809 F.2d 626, 630 (9th Cir. 1987), and that the dispute is genuine, i.e., the evidence is such that a reasonable jury could

1  return a verdict for the nonmoving party, see Wool v. Tandem Computers, Inc., 818 F.2d 1433,
2  1436 (9th Cir. 1987).
3         In the endeavor to establish the existence of a factual dispute, the opposing party
4  need not establish a material issue of fact conclusively in its favor. It is sufficient that "the
5  claimed factual dispute be shown to require a jury or judge to resolve the parties' differing
6  versions of the truth at trial." T.W. Elec. Serv., 809 F.2d at 631. Thus, the "purpose of summary
7  judgment is to 'pierce the pleadings and to assess the proof in order to see whether there is a
8  genuine need for trial.'" Matsushita, 475 U.S. at 587 (quoting Fed. R. Civ. P. 56(e) advisory
9  committee's note on 1963 amendments).
10        In resolving the summary judgment motion, the court examines the pleadings,
11 depositions, answers to interrogatories, and admissions on file, together with the affidavits, if
12 any. Fed. R. Civ. P. 56(c). The evidence of the opposing party is to be believed. See Anderson,
13 477 U.S. at 255. All reasonable inferences that may be drawn from the facts placed before the
14 court must be drawn in favor of the opposing party. See Matsushita, 475 U.S. at 587.
15 Nevertheless, inferences are not drawn out of the air, and it is the opposing party's obligation to
16 produce a factual predicate from which the inference may be drawn. See Richards v. Nielsen
17 Freight Lines, 602 F. Supp. 1224, 1244-45 (E.D. Cal. 1985), aff'd, 810 F.2d 898, 902 (9th Cir.
18 1987). Finally, to demonstrate a genuine issue, the opposing party "must do more than simply
19 show that there is some metaphysical doubt as to the material facts . . . . Where the record taken
20 as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no
21 'genuine issue for trial.'" Matsushita, 475 U.S. at 587 (citation omitted).
22        On May 28, 2010, the court advised plaintiff of the requirements for opposing a
23 motion pursuant to Rule 56 of the Federal Rules of Civil Procedure. See Rand v. Rowland, 154
24 F.3d 952, 957 (9th Cir. 1998) (en banc), cert. denied, 527 U.S. 1035 (1999), and Klingele v.
25 Eikenberry, 849 F.2d 409 (9th Cir. 1988).
26 /////

ANALYSIS

I. Facts[1]

At all times relevant to this action, plaintiff was an inmate in the California Department of Corrections and Rehabilitation (CDCR) confined at High Desert State Prison (High Desert), defendant Laurie Maurino, RD[2] was a registered dietician working at High Desert, and defendant Dorothy Swingle, MD, was the Chief Physician and Surgeon at High Desert.

On December 3, 2007, plaintiff was seen at High Desert by Nurse Practitioner Waterman for complaints of "skin blotches, redness, irritation and welts." Declaration of Antwan Burt, filed September 7, 2010, at 1. Nurse Practitioner Waterman ordered an allergy test known as a RAST, or radioallergosorbent test, which was completed that day. Based on the results of the RAST, Nurse Practitioner Waterman diagnosed plaintiff with allergies to wheat, ragweed, shrimp, and many types of grass. At a follow-up visit on January 10, 2008, plaintiff told Nurse Practitioner Waterman that he did not want medication. Nurse Practitioner Waterman prescribed a comprehensive accommodation chrono (CAC) for a wheat free/shrimp free diet and ordered a dietary consultation for plaintiff.

One of defendant Swingle's duties as Chief Physician and Surgeon was to approve CACs. She had twenty-four hours to approve or deny a CAC, and often approved such requests initially if she did not have access to an inmate's medical records when initially presented with a CAC. She was able to go back and review CACs later when she did have the medical records. On January 23, 2008, defendant Swingle approved the wheat free/shrimp free diet for plaintiff. She did not have his medical records at that time.

On January 30, 2008, plaintiff had the scheduled dietary consultation with defendant Maurino. Defendant Maurino looked at plaintiff's RAST results, which showed class

---

[1] Except as specifically noted, the following facts are undisputed.

[2] Sued herein as defendant Moreno.

1 reactions to wheat and shrimp.  A class 1 reaction indicates a "low level" of IgE, the antibody that binds to allergens and is measured by RAST.  A person who has a class 1 reaction to wheat can continue to eat wheat without an adverse reaction.  A class 4 reaction or higher requires removal of wheat from the diet.  Defendant Maurino consulted with a nurse in the office of Dr. Jory Kaplan, an otolaryngologist and allergist in Redding, California.  The nurse confirmed that an individual with a class 1, 2 or 3 reaction to wheat can still eat wheat.[3]  Defendant Maurino then explained to plaintiff that he did not require a wheat free diet and that High Desert could not provide a wheat free diet because "there is nothing to substitute for wheat."  Defendant L. Maurino RD's Declaration in Support of Defendants' Opposition to Plaintiff's Motion for Summary Judgment, filed December 15, 2010, at ¶ 10.[4]  Defendant Maurino offered Ensure as a supplement, but plaintiff refused.

Defendant Maurino called defendant Swingle in to the consultation.  Plaintiff explained to defendant Swingle, inter alia, that he had not eaten wheat since January 10, 2008.  Defendant Swingle explained to plaintiff that since his itching had not resolved after three weeks without eating wheat, "he would certainly not see a change w/ further time."  Ex. B to Defendant D. Swingle MD's Declaration in Support of Defendants' Opposition to Plaintiff's Motion for

---

[3] Plaintiff challenges that evidence of defendant Maurino's consultation with the nurse in the Redding physician's office.  He contends that defendant Maurino did not actually make contact with the nurse and falsified his medical records; in support of that contention, he presents a letter dated July 23, 2009, from Dr. Jory Kaplan's office administrator, which states, inter alia, that plaintiff had "never been evaluated by Dr. Jory Kaplan."  Ex. C to Plaintiff's Declaration in Support of Motion for Summary Judgment, filed September 7, 2010.  This evidence is insufficient to create a triable issue of material fact as to whether defendant Maurino sought information from Dr. Kaplan's nurse about the significance of a class 1 reaction to wheat on a RAST test, or to suggest that she falsified plaintiff's medical records in that regard.  Plaintiff also disputes whether a nurse's opinion was sufficient to support the decision of defendants Maurino and Swingle to discontinue the wheat free diet.  However, the undisputed facts show that the nurse's opinion was not the sole, or even the primary, basis for the decision.

[4] Plaintiff has presented evidence that he requested that defendants transfer him to a prison where he could be provided a wheat free diet, a request they denied.  For the reasons discussed infra, defendants' determination that plaintiff did not require a wheat free diet did not violate his rights under the Eighth Amendment.  For that reason, the facts presented by plaintiff concerning this request are not relevant to disposition of the motions at bar.

Summary Judgment, filed December 15, 2010. Based on the results of plaintiff's RAST test and the fact that his itching had not resolved, defendant Swingle discontinued the chrono for a wheat free diet.

II. Cross-Motions

Plaintiff seeks summary judgment on the grounds that defendants Maurino and Swingle violated his rights under the Eighth Amendment by denying him a fair and impartial interview concerning his alleged need for a wheat free diet, ignoring his medical condition, falsifying his medical records to suggest a consultation with a nurse that did not happen, and denying his request for a transfer to an institution that could provide him with a wheat free diet.

Defendants seek summary judgment on the grounds that there is no evidence that they were deliberately indifferent to his medical needs, there is no evidence that they violate his right to due process, they are entitled to qualified immunity, and his request for injunctive relief is moot because he is no longer subject to their control.

In order to establish a violation of the Eighth Amendment based on alleged inadequate medical care, an inmate must prove acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs. Hudson v. McMillian, 503 U.S. 1, 5 (1992); Estelle v. Gamble, 429 U.S. 97, 106 (1976). A difference of medical opinion about treatment, without more, does not amount to a deliberate indifference to serious medical needs. See Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir.1989). Mere indifference, medical malpractice, or negligence will not support a cause of action under the Eighth Amendment. See Broughton v. Cutter Lab., 622 F.2d 458, 460 (9th Cir.1980).

In the instant case, plaintiff's Eighth Amendment claim is predicated, at bottom, on the apparent difference of medical opinion between Nurse Practitioner Waterman on the one hand and defendants Maurino and Swingle on the other about whether a wheat free diet was

/////

/////

1  medically necessary.[5] Plaintiff has tendered no evidence that the medical judgment of defendants
2  Maurino and Swingle was the product of deliberate indifference to his skin condition.  To the
3  contrary, the undisputed evidence shows that a wheat free diet was not required by the results of
4  the allergy test.  Moreover, plaintiff has presented no evidence to contravene defendant Swingle's
5  assessment that if plaintiff's condition had not improved after three weeks of a wheat free diet,
6  continuance of that diet would not help him.  For that reason, defendants Maurino and Swingle
7  are entitled to summary judgment on plaintiff's Eighth Amendment claim.

8  Nor is there any evidence that plaintiff's right to due process was violated during
9  the interview process with defendants Maurino and Swingle, or that defendant Maurino falsified
10 plaintiff's medical records.  Defendants Maurino and Swingle are also entitled to summary
11 judgment on plaintiff's Fourteenth Amendment claim.

12 In accordance with the above, IT IS HEREBY RECOMMENDED that:
13 1.  Plaintiff's September 7, 2010 motion for summary judgment be denied; and
14 2.  Defendants' March 11, 2011 motion for summary judgment be granted.
15 These findings and recommendations are submitted to the United States District
16 Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen
17 days after being served with these findings and recommendations, any party may file written
18 objections with the court and serve a copy on all parties.  Such a document should be captioned
19 "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the
20 objections shall be filed and served within fourteen days after service of the objections.  The
21 /////
22 /////
23 /////

---

[5] Indeed, it is unclear from the record whether the decision of Nurse Practitioner Waterman to prescribe a wheat free/shrimp free diet was based on a medical assessment that such a diet was necessary or, instead, whether it was in response to plaintiff's request not to be prescribed medication for his skin condition.

7

parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED: July 5, 2011.

_____
UNITED STATES MAGISTRATE JUDGE

12
burt0942.msj